IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. SUAZO,

      Plaintiff,

v.                                                                               CV 19-0228 WJ/JHR

DERICK ROMERO,
Police Officer,

      Defendant.

## ORDER GRANTING MOTION TO STAY

This matter comes before the Court on Defendant Derick Romero's Motion to Stay [Doc. 14], filed September 3, 2019. In the Motion, Defendant Romero asks this Court to enter "an Order staying discovery until this Court rules on Defendants (sic) Motion for Sanctions, Motion to Dismiss or, Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity." *Id.*[1] Plaintiff Joseph Suazo did not file a response to the Motion to Stay and his time for doing so has long passed. *See* D.N.M.LR-Civ. 7.4(a). Having reviewed the Motion and all pertinent authority, the Court concludes it must be granted for two reasons.

First, under this Court's Local Rules: "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). As noted, Plaintiff Suazo filed no response to Defendant Romero's Motion. This alone is sufficient grounds to grant the Motion to Stay. *See, e.g.*, *Nunez v. New Mexico Corr. Dep't*, CV 19-0063 KG/LF, 2019 WL 1585098, at *1 (D.N.M. Apr. 12, 2019)

---

[1] The Court initially struck Defendant Romero's Motion for Sanctions, Motion to Dismiss or, Alternatively, Motion for Judgment on the Pleadings without prejudice for failure to bifurcate the relief sought therein. [*See* Doc. 16 (relying on the Court's Admin. Order 92-88 (May 4, 1992) (requiring "a separate pleading for each matter upon which adjudication or a ruling of the Court is sought."))]. In compliance with the Court's Order, Defendant Romero then refiled his Motion as two separate filings. [*See* Docs. 18, 19].

("Although Mr. Nunez is a pro se party, he still is obligated to 'follow the same rules of procedure that govern other litigants….' Accordingly, Mr. Nunez has consented to the Court granting NMCD's motion to stay.") (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); D.N.M.LR-Civ 7.1(b)).

Second, this Court is bound by precedent which effectively requires a stay of discovery once the qualified immunity defense is raised. Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). It "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow*, 457 U.S. at 818). "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). As such, issues of qualified immunity are best resolved at the "earliest possible stage in litigation." *Pearson*, 555 U.S. at 232 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Ordinarily, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman*, 958 F.2d at 336. Defendant Romero's Motion to Dismiss or alternatively Motion for Judgment on the Pleadings relies on the defense of qualified immunity, and Plaintiff Suazo has articulated no grounds for refusing Defendant Romero's request for a stay of further discovery.[2]

---

[2] The Court notes that a Scheduling Order was entered on May 22, 2019, meaning Plaintiff Suazo had approximately three months to pursue discovery before Defendant Romero filed the instant Motion.

Wherefore, the Court hereby **grants** Defendant Romero's Motion to Stay [Doc. 14].

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE