IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. SUAZO,

    Plaintiff,

vs.                                                                   No. 19-CV-00228 WJ/JHR

DERICK ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 18)
## and
## DENYING DEFENDANT'S MOTION FOR SANCTIONS (DOC. 13) AS MOOT

THIS MATTER comes before the Court upon the following motions:

- Defendant's Motion to Dismiss, or, Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity, filed September 16, 2019 **(Doc. 18)**; and

- Defendant's Motion for Sanctions, Motion to Dismiss or Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity, filed September 3, 2019 **(Doc. 13).**

Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

## BACKGROUND

On February 11, 2019, Plaintiff filed a civil rights complaint in the First Judicial District Court in Santa Fe, New Mexico. Defendant removed the case to federal court on March 16, 2019 on the basis of federal jurisdiction under 28 U.S.C. §1331, and this Court's supplemental jurisdiction for the alleged state law claims under 28 U.S.C. §1367. The entirety of Plaintiff's civil complaint appears below:



3. Plaintiff's claim arises from the following event or transaction: false charges False Imprisonment, Violation of my federal Constitutional Rights, and my State of New Mexico Constitutional Rights Tampering with Evidence, False warrent for BAC Harrassment, Failer to Produce warrent of BAC Seizing Car for no reason, Brain Injury, and I fractured my hip while Incarcerated, And I Spent a year and some In Carcerated for no reason abstrating Justice. Due Process rights were Violated and un LawFull arrest. Pain and Suffering

Doc. 1-1 ("Civil Complaint"). Because Plaintiff is proceeding *pro se,* the Court construes the complaint under a liberal standard. *Ford v. Pryor,* 552 F.3d 1174, 1178 (10th Cir. 2008). Plaintiff alleges the following claims:

- False imprisonment;
- Tampering with evidence
- False warrant for [illegible] harassment
- Brain injury
- Fracture of hip while incarcerated
- Incarceration "for no reason"
- Violation of due process rights and/or unlawful arrest

## DISCUSSION

Defendant seeks dismissal of the complaint under Rule 12(b) of the Federal Rules of Civil Procedure as well as under Rule 12(c). Plaintiff has not responded to the motion and under this Court's local rules, a failure to timely respond to a motion "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). While this failure to respond would allow the Court to grant the relief requested by Defendant, the Court will proceed to address Defendant's motion on the merits to determine whether Defendant has raised legally sufficient grounds for dismissal.[1]

---

[1] The last three docket entries in this case shows that mail sent to Plaintiff from the Clerk of Court was returned as "Undeliverable." See Docs. 22, 23 & 24. Under Local Rule 83.6, Plaintiff as a pro se party has a "continuing duty to notify the Clerk, in writing, of any change" in mailing address and telephone numbers. Plaintiff has failed to comply with this local rule as well.

## I. Failure to State a Claim Under Rule 12(b)(6)

In considering (reviewing) a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). "To survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant contends that Plaintiff fails to allege federal civil rights violations that stand up to the *Iqbal-Twombly* standard, and the Court agrees. Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation. *See Foote v. Spiegel et al.*, 118 F.3d 1416, 1423 (10th Cir. 1997). A complaint must make clear exactly "who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Plaintiff has not done so here.

The complaint suggests that somehow Defendant Robbins was responsible for unlawfully seizing him and depriving him of his due process rights, but it is devoid of any facts that would give Defendant fair notice of the conduct on which the claims are based. There are no facts relating to the arrest and why it was allegedly unlawful. Also, Plaintiff does not state where the alleged hip injury or harm occurred: there are no references to a particular detention center or prison, or of any of the individuals responsible for causing the injury. Vague references in the complaint to various civil rights violations fall short of meeting federal pleading standards. *Iqbal*, 556 U.S. at

3

678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Robbins,* 519 F.3d at 1250 (complaint failed to give fair notice to defendants of basis of plaintiff's claims where complaint made no mention of which defendants had direct contact with plaintiff or how each defendant might be individually liable for alleged constitutional deprivations). Therefore, Defendant is entitled to dismissal of Plaintiff's complaint on this basis alone.

## II.     Judgment on the Pleadings: Rule 12(c)

Defendant seeks dismissal under Rule 12(c) based on qualified immunity as well as the statute of limitations. A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G.&Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). In reviewing a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and then determines whether the complaint plausibly states a legal claim for relief. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

### A.     Qualified Immunity – Federal Claims

Defendant seeks dismissal of the complaint under Rule 12(c) on the basis of qualified immunity. Qualified immunity provides "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity serves to prevent undue interference with public affairs by cutting short baseless litigation against public officials. Because allowing a case to go to trial effectively results in the loss of qualified immunity, the issue "should be resolved as early as possible." *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000).

In resolving a motion to dismiss based on qualified immunity, a court must consider "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* at 816 (internal quotation marks omitted). *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011).

The Supreme Court has held that courts have discretion to determine which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see Christensen v. Park City Mun. Corp.,* 554 F.3d 1271, 1277 (10th Cir. 2009). The Supreme Court also suggests that is a "better approach" to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998).

Defendant contends that Plaintiff cannot assert any constitutional claims arising from an unlawful arrest or seizure because his arrest was constitutional.[2] The arrest at issue occurred on April 6, 2016. According to the Criminal Complaint, Plaintiff was arrested on three counts of traffic violations: (1) Driving with a suspended or revoked license; (2) Failure to have operating tail lamps; and (3) Driving while under the influence of intoxicating liquor and/or drugs. Doc. 18-1.[3] On April 8, 2016, a magistrate court judge in Santa Fe County determined that there was probable cause to believe that a crime had been committed by Plaintiff. *Id.* (Probable Cause Determination).

---

[2] The complaint contains no specific information about Defendant's identity or role in the arrest or Plaintiff's incarceration.

[3] The Court may consider these documents (the Criminal Complaint and Probable Cause Determination) in addressing this motion under the federal rules of civil procedure. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

5

Defendant is correct that Plaintiff cannot assert a claim of unlawful seizure because the magistrate court's determination of probable cause bars his §1983 claims. Federal courts have consistently accorded preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95 (1980) and so *res judicata* principles "fully apply" to civil rights suits brought under the §1983 statute. *Id.* Plaintiff's unlawful arrest claims are also barred by the *Heck* doctrine, which prohibits §1983 suits that would call a conviction into question. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Beck v. City of Muskogee Police Dept. et al*, 195 F.3d 553 (10th Cir. 1999) (district court must consider whether a judgment in favor of §1983 plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.)

The purpose behind the *Heck* doctrine is to prevent litigants from using a § 1983 action to challenge their sentences. *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). This is exactly what Plaintiff attempts to do here. Plaintiff cannot assert claims that would imply the invalidity of that finding and as a result, all claims related to the unlawful arrest claim are dismissed with prejudice: false imprisonment; tampering with evidence; false warrant; incarceration "for no reason" and all due process rights associated with Plaintiff's arrest.

B.  Statute of Limitations – State Law Claims

The *Heck* doctrine also bars any and all state law claims that are related to Plaintiff's alleged unlawful seizure, due to the magistrate court's finding of probable cause. The other claims alleging a denial of medical care may be premised on the alleged unlawful arrest as well, but even if these claims are not barred by *Heck,* the complaint as a whole is insufficient under the *Iqbal-Twombly* standard, as discussed above, and the medical care claims would be dismissed on that ground.

Construing the state claims liberally, Plaintiff is suing a governmental entity—whether for his unlawful arrest or for denial of medical care while incarcerated—and so he is required to sue under the New Mexico Tort Claims Act ("the Act") which is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived." §41–4–17(A). Defendant contends that Plaintiff's state law claims fail because they are barred by the two-year statute of limitations under the Act. §41-4-15(A). Plaintiff had two years from the date of his arrest on April 6, 2016 in which to file his complaint. The federal complaint was not filed until February 2019, almost a year after the limitations period expired. Thus, Plaintiff's state law claims against Defendant Romero are time-barred and any claims rooted in state law will be dismissed.

**III. Defendant's Motion for Sanctions, Motion to Dismiss or Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity, filed September 3, 2019 (Doc. 13).**

In light of the Court's disposition of Plaintiff's complaint, Defendant's Motion for Sanctions is denied as moot and as seeking cumulative relief.

Accordingly, based on the reasons set forth in this Memorandum Opinion and Order, (i) Defendant's Motion to Dismiss, or, Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity **(Doc. 18)** is hereby GRANTED and (ii) Defendant's Motion for Sanctions, Motion to Dismiss or Alternatively, Motion for Judgment on the Pleadings on the Basis of Qualified Immunity **(Doc. 13)** is denied as MOOT.

_____
CHIEF UNITED STATES DISTRICT JUDGE